IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**BARBARA A. RICHARDSON,**

    Plaintiff,

vs.                                        CASE NO. 1:04CV426-MMP/AK

**MICHAEL J. ASTRUE,**[1]
**Commissioner of Social Security**

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This action is brought pursuant to 42 U.S.C. § 405(g) of the Social Security Act (Act) for review of a final determination of the Commissioner of Social Security (Commissioner) denying Plaintiff's application for supplemental security income benefits (SSI) filed under Title XVI of the Act.

Upon review of the record, the Court concludes that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted, therefore, as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. §405(g).

A.     **PROCEDURAL HISTORY**

Plaintiff filed an application for SSI on January 4, 2001, alleging a disability onset date of November 1, 2000, because of back pain.  Plaintiff petitioned for a hearing before an administrative law judge (ALJ), who conducted a hearing on May 15, 2003, and entered an unfavorable decision on July 24, 2003.  The Appeals Council denied Plaintiff's request for review, thus making the decision of the ALJ the final decision of the Commissioner.  This action followed.

B.     **FINDINGS OF THE ALJ**

The ALJ found that Plaintiff had been working at a daycare center since January 16, 2003, six hours a day, five days a week. (R. 15).  While he concluded that this was not substantial gainful activity (SGA) within the meaning of the Act, it was indicative of her ability to function.  (R. 15).  He found her back condition to be severe, but that it did not meet the listings.  (R. 17).  He also found that her hypertension was not severe because it was managed with medication and diet and her intellectual functioning could not be established prior to age 22, as the listing (12.05) requires, and she had been performing unskilled work with no evidence that she had deteriorated in intellectual functioning.  (R. 17).  The ALJ reviewed her testimony and found it not credible insofar as she alleged disabling pain.  (R. 17).  Her own self described abilities were comparable to light work activity (R. 17), and the x-rays taken of her back and wrist were normal despite her allegations of pain at levels 9 and 10 on a scale of 10.  (R. 17-18). Thus, the ALJ found her capable of performing a full range of light work, which

**No. 1:04CV426-MMP/AK**

precludes her past relevant work and using the Medical-Vocational Guidelines renders a finding of "not disabled."

## C. ISSUES PRESENTED

Plaintiff argues that the ALJ erred in rejecting the opinion of Plaintiff's treating physician, Dr. Mark Tyner, when the doctor continues to prescribe pain medication to treat her condition. Plaintiff also argues that the ALJ failed to adequately articulate reasons for rejecting her credibility regarding her pain level when she has a condition, arthritis, that would account for the pain.

The government responds that the ALJ found that Plaintiff had a severe condition and that she experienced a degree of pain resulting from this condition, but that she was not rendered incapable of performing any level of work because she has pain and takes pain medication. The ALJ found that despite her condition she could perform light work and Dr. Tyner's treatment notes support this finding, including objective tests such as x-ray. Significant to the ALJ's decision is the fact that Plaintiff continues to work part-time at a daycare center, that Dr. Tyner did not impose significant limitations upon her, that Dr. Tyner had never opined that she was unable to work, and that Dr. Tyner continued to treat her condition conservatively.

The issue thus presented is whether the Commissioner's decision that Claimant is not disabled is supported by substantial evidence in the record and decided by proper legal standards.

**No. 1:04CV426-MMP/AK**

**D.    STANDARD OF REVIEW**

Title 42 U.S.C. § 405(g) sets forth the standard of review for this court.  The Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied.  Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997).  Findings of fact by the Commissioner which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g). Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996).  "Substantial evidence" has been defined to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam).  It is more than a scintilla, but less than a preponderance.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted).  The court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  Wolfe v. Chater, 86 F.3d 1072, 1076 (11th Cir. 1996).  It must determine only if substantial evidence supports the findings of the Commissioner.  See Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987) (per curiam).  Even if substantial evidence exists which is contrary to the Commissioner's findings, where there is substantially supportive evidence of the Commissioner's findings, the court cannot overturn them.  Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991).  Unlike the deferential review accorded to the Commissioner's findings of fact, his conclusions of law are not presumed valid. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted).  The Commissioner's failure to apply correct legal standards or to provide the reviewing court with an

**No. 1:04CV426-MMP/AK**

adequate basis for it to determine whether proper legal principles have been observed requires reversal. Id. (citations omitted).

A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). To qualify as a disability the physical or mental impairment must be so severe that claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in five steps:

1. Is the individual currently engaged in substantial gainful activity?

2. Does the individual have any severe impairment?

3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

4. Does the individual have any impairments which prevent past relevant work?

5. Do the individual's impairments prevent any other work?

A finding of disability or no disability at any step renders further evaluation unnecessary. Plaintiff bears the burden of establishing a severe impairment that keeps him from performing his past work. If Plaintiff establishes that his impairment keeps him

**No. 1:04CV426-MMP/AK**

from his past work, the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy which, given Plaintiff's impairments, Plaintiff can perform. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986); MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986). If the Commissioner carries this burden, Plaintiff must prove that he cannot perform the work suggested by the Commissioner. Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987). It is within the district court's discretion to affirm, modify, or reverse a Commissioner's final decision with or without remand. 42 U.S.C. § 405(g); Myers v. Sullivan, 916 F.2d 659, 676 (11th Cir. 1990).

### E.     SUMMARY OF CLAIMANT'S RELEVANT MEDICAL HISTORY

Plaintiff's treating physician, Dr. Mark Tyner, has treated her for back pain since February 6, 2001, at which time he ordered x-rays. (R. 136-137). Plaintiff told him the pain was the result of a fall two years earlier. (R. 137). He found her to have moderate muscle spasm and moderate decrease in range of motion, but no motor deficits. (R. 138). An x-ray dated July 10, 2001, shows that she has mild scoliosis, but no bony abnormalities. (R. 161). Dr. Tyner prescribed muscle relaxers (Flexeril) and Naprosyn and Celebrex and wanted her to engage in physical therapy. (R. 137, 147 ). He noted that she never used ice or heat or stretching to relieve the pain and he advised that she do these things, quit smoking and lose weight. (R. 151). X-rays of her wrist are normal. (R. 145).

**No. 1:04CV426-MMP/AK**

Two RFC's in file dated March 26, 2001, and July 26, 2001, assess Plaintiff as capable of medium work, but neither had benefit of the treating physician's records when they were prepared (R. 120-127, 128-135).

F.      **SUMMARY OF THE ADMINISTRATIVE HEARING**

Plaintiff appeared at the hearing with counsel, Pamela Collins. (R. 30). She was 43 at the time of the hearing, had an eighth grade education, and lived in a rooming house with other families. (R. 34-35). Plaintiff's most recent work was in a daycare center changing, feeding and cleaning infants. (R. 36-37). Its part-time, but she has missed some work because of her back. (R. 40). She had to quit her two previous jobs, which were full time, because of her back. (R. 39). She has difficulty reading and comprehending and was unable to complete the forms necessary to file for disability. (R. 42). She has back pain "right in the middle of my back" every day at a level 9 on a scale of 10. (R. 43). The pain medication she takes is Flexeril. (R. 43). She also takes Celebrex for arthritis. (R. 43). She wears a brace on her right hand for the pain in her wrist. (R. 43-44). She can sit for two hours, stand for two hours, walk two blocks, and lift 15 to 20 pounds. (R. 45-46). She believes her back problems began after a fall in her 20's, for which she sought no treatment and had no problems until she was about 37. (R. 48). The Celebrex stops all the pain in her arm and she does not know about the effectiveness of the Flexeril because it makes her sleep, so she does not take it during the day when she is working, she just bears the pain. (R. 50).

**No. 1:04CV426-MMP/AK**

**G.     DISCUSSION**

a)     Treating Physician

If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2).  Nevertheless, the ALJ may discount the treating physician's opinion if good cause exists to do so. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986).  Good cause may be found when the opinion is "not bolstered by the evidence," the evidence "supports a contrary finding," the opinion is "conclusory" or "so brief and conclusory that it lacks persuasive weight," the opinion is "inconsistent with [the treating physician's] own medical records," the statement "contains no [supporting] clinical data or information," the opinion "is unsubstantiated by any clinical or laboratory findings," or the opinion "is not accompanied by objective medical evidence."  Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991), (citing Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987)).  If an ALJ rejects a treating physician's opinion, he must give explicit, adequate reasons for so doing, and failure to do so results in the opinion being deemed accepted as true as a matter of law. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); Marbury v. Sullivan, 957 F.2d 837, 841 (11th Cir. 1992).

**No. 1:04CV426-MMP/AK**

In the present case, the ALJ does not reject the opinion of the treating physician, as Plaintiff suggests. Dr. Tyner never states an opinion that Plaintiff is disabled or that she has limitations. Plaintiff argues that the ALJ should accept the implication that Plaintiff's pain is credible and severe because the physician continues to treat her for pain. Actually, the ALJ relies in part upon Dr. Tyner's treatment, which was conservative, to support his finding that Plaintiff's pain was not as severe or disabling as she alleged. There is no merit to this ground.

      b)      Pain and Credibility

Pain and other subjective symptoms are treated by the regulations as symptoms of disability. Title 20 C.F.R. § 404.1529 provides in part that the Commissioner will not find disability based on symptoms, including pain alone, "unless medical signs or findings show that there is a medical condition that could be reasonably expected to produce these symptoms." Accord 20 C.F.R. § 416.929. In Hand v. Heckler, 761 F.2d 1545, 1549 (11th Cir. 1986), the Eleventh Circuit adopted the following pain standard:

> There must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

The Eleventh Circuit continues to follow the Hand test. Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1216 (11th Cir. 1991); Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991); Martin v. Railroad Retirement Bd., 935 F.2d 230, 233 (11th Cir. 1991). "While both the regulations and the Hand standard require objective medical evidence

**No. 1:04CV426-MMP/AK**

of a condition that could reasonably be expected to cause the pain alleged, neither requires objective proof of the pain itself." Elam, 921 F.2d at 1216.  The court has held that "[p]ain alone can be disabling, even when its existence is unsupported by objective evidence."  Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992), citing Walker v. Bowen, 826 F.2d 996, 1003 (11th Cir. 1987).  Standing alone, however, a claimant's testimony of pain is not conclusive evidence of disability.  Macia v. Bowen, 829 F.2d 1009, 1011 (11th Cir. 1987).  If the Commissioner rejects a claimant's allegations of pain, he must articulate explicit and adequate reasons, and these reasons must be based on substantial evidence.  Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987).  The failure to articulate adequate reasons for discrediting pain testimony mandates that the testimony be accepted as true as a matter of law.  Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988).

The ALJ explains several reasons for discrediting Plaintiff's pain testimony: the conservative treatment offered, the lack of x-ray evidence to substantiate a condition causing severe pain, and that Plaintiff herself describes her functional limitations at a light level of exertion, *i.e.* capable of lifting 15 to 20 pounds, walking 2 blocks, sitting and standing up to two hours at a time.  (R. 17-18).  This is all the ALJ is required to do to substantiate his decision that her allegations of pain are not entirely credible, and this Court must affirm his decisions when they comport with the applicable law.

Accordingly, it is respectfully **RECOMMENDED**:

**No. 1:04CV426-MMP/AK**

That the decision of the Commissioner denying benefits be **AFFIRMED**.

At Gainesville, Florida, this **19**<sup>th</sup> day of April, 2007.


s/ A. KORNBLUM
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:04CV426-MMP/AK**